**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO.: 1:26-cv-25417**

**PNC BANK, N.A.,**

**Plaintiff,**

**v.**

**FORETAG D.S.M. CORP, and**
**ANGELICA SEIPLAX,**

**Defendants**.
______________________________/

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR ATTORNEYS' FEES AND COSTS**

**THIS CAUSE** comes before the Court on Plaintiff's Verified Motion for Attorneys' Fees, Expenses, and Costs ("Motion"). [ECF No. 15]. The Court, having reviewed the Motion along with the exhibits attached thereto and Affidavits filed simultaneously therewith, having noted that Defendants Foretag D.S.M. Corp, and Angelica Seiplax (together, "Defendants") have not filed a response or opposition to the Motion, and having otherwise been fully advised in the premises, it is hereby it is hereby **ORDERED** that the Motion is **GRANTED**.

## I. PROCEDURAL POSTURE

On or about August 11, 2026, Plaintiff filed its Complaint for Breach of Agreement and Breach of Guaranty ("Complaint"). [ECF No. 1]. On or about August 21, 2026, Plaintiff filed its notice of executed service on Defendants, [ECF No. 6], certifying that on August 13, 2026, copies of the Complaint and Summons were served on Defendants.

Plaintiff filed a Motion for Entry of Clerk's Default against Foretag on September 4, 2026. [ECF No. 9]. The Court entered a Clerk's Default against Defendants on September 4, 2026. [ECF No. 10]. The Court entered an Order and Notice of Court Practice on Default Procedure on

September 6, 2026, which ordered Plaintiff to file a Motion for Final Default Judgment on or before September 11, 2026. [ECF No. 11].

On September 11, 2026, PNC filed its Motion for Entry of Final Default Judgment. [ECF No. 12]. The Court entered an Order Granting Plaintiff's Motion for Final Default Judgment on September 13, 2026, ("Order"). [ECF No. 13]. The Court entered a Final Default Judgment on September 13, 2026, in which it directed PNC to "file its motion for attorney's fees and costs… within fourteen (14) days of the entry of this Judgment," thereby setting a deadline of September 27, 2026. [ECF No 14 ¶ 2]. On September 21, 2026, PNC filed the Motion. [ECF No. 15]

## II. PLAINTIFF IS ENTITLED TO REASONABLE FEES AND COSTS

Under the "American Rule," prevailing litigants normally pay their own fees unless a statute or contract permits recovery from the non-prevailing party. *Marx v. Gen. Revenue Corp.,* 568 U.S. 371, 382 (2013). The terms of the Agreement governing this case state that "[PNC] may hire or pay someone else to help [PNC] collect this account if you fail to pay in accordance with this Agreement. You agree to pay our collection costs… This includes, subject to any limits under applicable law, our attorneys' fees and legal expenses whether or not there is a lawsuit…In addition to all other sums provided by law, you will also pay any court costs if not prohibited by applicable law". *See* [ECF No. 1–3 ¶ 18]. Further, the Guaranty executed by Seiplax states that "To the extent that [PNC] incurs any costs or expenses under the Obligations or this guaranty, including **reasonable attorneys' fees and the costs and expenses of litigation, such costs and expenses** will be due on demand [and] **will be included in the Obligations**." [ECF No. 1–2 ¶ 3]. Based on these provisions, and the Order Granting Motion for Default Judgment, [ECF No. 14], Plaintiff is entitled to recover its reasonable attorney's fees and costs.

## III. REASONABLE ATTORNEYS' FEES

To calculate the quantum of attorney's fees recoverable, courts of this Circuit use the "lodestar" method. *See Houston Specialty Ins. Co. v. Vaughn*, 2017 WL 6759709, at *1 (M.D. Fla. Dec. 29, 2017), *aff'd*, No. 17-11038, 2018 WL 1568939 (11th Cir. Mar. 30, 2018) (citing *Norman v. House Auth. of City of Montgomery*, 836 F.2d 1292, 1298-1303 (11th Cir. 1988)). To compute attorney's fees using the lodestar method, a court must multiply the number of hours reasonably expended by the prevailing hourly rate in the community for similar work. *Id*.

In this Motion, Plaintiff seeks recovery for fees and costs incurred in the instant Case. Based on the language of the Agreement and Guaranty, wherein Defendants agreed to pay any outstanding amounts, including attorneys' fees and court costs, this Court finds that Plaintiff may recover its fees and costs from the action.

### A. Reasonable Hourly Rates

Plaintiff seeks to recover attorneys' fees for three timekeepers: (1) Attorney Zachary T. McKinley, (2) Attorney Richard Aguilar; and (3) Paralegal Jessica Bowers. Affiant's standard hourly rate is $365.00, which was reduced for this matter to $325.00. Aguilar's standard hourly rate is $720.00, which was reduced for this matter to $325.00. Bowers' standard hourly rate is $200.00, which was reduced for this matter to $185.00.

The Court finds that these hourly rates are reasonable based on the timekeepers' experience and are comparable to the hourly rates charged by other attorneys and paralegals of similar experience in the South Florida area.

### B. Hours Reasonably Expended

As of September 16, 2026, in connection with this case, McKinley spent 21.00 hours, Aguilar spent 0.10 hours, and Bowers spent 10.10 hours. The Court finds that these hours were

reasonable considering the pre-suit demands, preparation of the complaint, preparation of and filing of motions that took place in this case.

## IV. COSTS

Plaintiff seeks $564.40 in costs in this case, which includes $405.00 for the filing fee in this case, and $159.40 for service of process in the instant case. The Court finds these costs should be recovered by Plaintiff.

## V. CONCLUSION

In addition to the Final Default Judgment previously entered, Plaintiff shall also recover from Defendants an award of $9,290.40, which consists of $8,726.00 in attorneys' fees and $564.40 in costs. An Amended Final Judgment reflecting the above award of attorneys' fees and costs shall be entered separately.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of September, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**